UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CLARCOR AIR FILTRATION PRODUCTS, INC.                                      PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:08CV-480-S

FILTER TECH, INC.                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Filter Tech, Inc., to dismiss the action or, alternatively, to transfer the action to the United States District Court for the Northern District of Maryland at Baltimore.[1] The plaintiff, Clarcor Air Filtration Products, Inc. (herinafter "Clarcor"), objects to the motion, urging the court to find Filter Tech's relationship with Clarcor sufficient to warrant the exercise of personal jurisdiction over Filter Tech.

Clarcor states that it is a Kentucky Corporation with its principal place of business in Louisville where it "manufactures and sells HVAC filtration products for commercial, industrial and residential use." Plaintiff's Response, p. 1. This action was filed by Clarcor seeking payment from Filter Tech, a Maryland corporation with its principal place of business in Baltimore, for air filters shipped to Filter Tech.

Under the Kentucky long-arm statute, KRS § 454.210, a plaintiff must demonstrate that the defendant "has the statutorily required contacts with Kentucky and that the cause of action arose from those contacts." *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F.Supp. 761 (W.D.Ky. 1997). The acts of the defendant or consequences caused by the defendant must have a substantial

---

[1] The court will deny Clarcor's motion for a ninety-day extension of time to conduct limited discovery. Clarcor has not provided specifics concerning the "jurisdictional discovery" it proposes to conduct. It has not stated that it lacks any information. It has briefed the issues raised in the motion to dismiss and has submitted affidavits in support of its opposition. Clarcor has stated nothing more than a desire to forestall a ruling should the court be inclined to grant Filter Tech's motion.

enough connection with Kentucky to make the exercise of jurisdiction over the out-of-state defendant reasonable. *Krauss-Maffel Corp. v. Donovan,* ___F.Supp.2d___, 2008 WL 108757 (January 9, 2008), *quoting, Southern Machine Co. v. Mohasco Industries., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). "This test, however, is not a mechanical one. A court applying this test is required to 'consider the jurisdictional facts of each case individually, to make judgments as th the substantiality of contacts with the forum state and the fairness and justice of subjecting a specific defendant to the in personam jurisdiction of the forum state.'" *Id.*, *quoting, In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 225-26 (6th Cir. 1972).

The complaint states that "[p]ursuant to purchase orders submitted by Filter Tech to Clarcor, Clarcor shipped a large number of air filters to Filter Tech and invoiced Filter Tech for payment for the air filters. The invoices for the subject air filters total $449,148.90. Despite repeated demands from Clarcor, Filter Tech has refused to pay the outstanding invoices for the product it received." Complaint, ¶¶ 8, 9.

The President of Filter Tech, Trudy Wood, stated in her affidavit that

2. Filter Tech provides filter maintenance, support, and replacement service for heating and air conditioning units ("HVAC") located in Maryland, Pennsylvania, New Jersey, Delaware, and Virginia.

3. Filter Tech purchased filters necessary to perform these services from Plaintiff though its sales agent who maintained an office in either Maryland or North Carolina. Disputes have developed between Filter Tech and Plaintiff over these orders.

4 All negotiations regarding the terms of orders occurred with Plaintiff's sales agents located in either Pennsylvania or Maryland. Purchase Orders were sent to Clarcor Air Filtration Product[sic], P.O. Box 404201, Atlanta, Georgia 30384-4201. A true and correct copy of typical purchase orders between Plaintiff and Defendant is attached hereto.

5. Plaintiff delivered filters to Filter Tech at its Maryland office and Filter Tech did not take possession of these filters until they were physically delivered to Maryland.

6. Filter Tech negotiated all sales arrangements from Maryland.

>   7  Filter Tech paid no Kentucky sales taxes in connection with its purchase of filters from Plaintiff.
>
>   8  Filter Tech is not registered to do business in Kentucky, does not do business in Kentucky, and has no nexus or connection in its business to Kentucky.

Wood Aff.

A review of the front side of the purchase orders provided by Filter Tech[2] confirms that the vendor was Clarcor Air Filtration Product[sic], Atlanta Georgia, and the purchaser/"ship to" address was Filter Tech, Baltimore, Maryland.  The complaint alleges that Filter Tech was invoiced for the air filters that were shipped pursuant to various purchase orders.  Compl., ¶¶ 8, 9.

Affidavits from one current and one former employee of Clarcor state that they worked at "Clarcor Air Filtration's principal place of business in Louisville, Kentucky."  In the affidavit of Annett Rose, former "Collector One" at Clarcor Products in Louisville from August 24, 2006 through September 18, 2008, she states that she "received numerous telephone calls and emails from Filter Tech employee Brad Wood regarding overdue payments for filters Clarcor Products had shipped to Filter Tech."  Rose Aff., ¶ 3.  She did not address the execution of purchase orders or invoices.  Further, she did not identify any purchase orders or invoices in particular which she allegedly discussed, or when these communications allegedly took place.  There is nothing in this affidavit to suggest that these conversations bore any relationship to the purchase orders or invoices in question.  If they were indeed related to the unidentified transactions in question, they were apparently after-the-fact collections calls.

In the affidavit of Business Development Manager Mike Harriman, who has worked at Clarcor in Louisville since May 2007,[3] he said that one of his job duties was "to deal directly with

---

[2] We have been provided only the front of one purchase order.  It has been described as a typical purchase order between the parties.  No party has produced the particular purchase orders in issue in this case.

[3] Harriman states that he has been employed by Clarcor Products since October, 1995, but does not state the location of that employment from 1995 to 2007.  As there are no dates in the complaint, the court does not have any way to discern whether

(continued...)

clients concerning purchase orders for sales of Clarcor Air Filtration air filters. One of the clients [he] dealt with repeatedly was Filter Tech, represented by Filter Tech employee Brad Wood. Prior to the above-captioned suit being filed, [he] received numerous telephone calls and emails from Mr. Wood regarding purchase orders for air filter shipments..." Harriman Aff., ¶¶ 2, 3. Neither the complaint nor the affidavit contains any dates of any transactions. It is devoid of any time frame whatsoever beyond Harriman's statement that he received phone calls and e-mails prior to the filing of this action. Therefore, it is impossible to place the issue of allegedly unpaid invoices in any sort of context. Additionally, Harriman's statement that he "dealt with" Filter Tech does not provide any insight into the nature of the contacts he had with Filter Tech. Such a nebulous statement does nothing to call into question the assertion of Filter Tech that (1) it dealt only with Clarcor's representatives in Maryland or Pennsylvania in negotiating and executing purchase orders; (2) it sent the orders to Georgia; (3) Filter Tech only services customers in Maryland and neighboring states and has no business in Kentucky; (4) it is not registered to do business in Kentucky; (5) it did not come to Kentucky nor have contact with Kentucky in negotiating and executing the contracts in question; and (6) the filters were shipped to Filter Tech in Maryland.

Clarcor's burden of proof in establishing minimum contacts is relatively slight, requiring only a *prima facie* showing of jurisdiction in order to avoid dismissal. *Info-Med, Inc. v. National Health Care, Inc.*, 669 F.Supp. 793, 795 (W.D.Ky.1987). However, it has failed to meet this burden. Filter Tech's purchases of Clarcor filters over the years were made wholly outside of Kentucky. The contracts were negotiated with out-of-state sales representatives, the purchase orders were executed outside of Kentucky and were then sent to Georgia. There has not been a showing of a connection to Kentucky which is substantial enough to make the exercise of jurisdiction over Filter Tech reasonable. *Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 551-

---

[3](...continued)
communications concerning the transactions in question were taking place with employees of Clarcor in Louisville.

555 (6th Cir. 2007), *citing, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Filter Tech has moved to dismiss the action or, alternatively, to transfer it to the Northern District of Maryland. The contracts in issue in this case were negotiated in Maryland with representatives of Clarcor located in either Maryland or Pennsylvania. Filter Tech contends that Maryland law will apply and the documents and the witnesses who will testify concerning the disputed terms of the contracts are located in Maryland. Clarcor contends that its witnesses and documentation are located in Kentucky. It further asserts that it will argue that Kentucky law should be applied to these claims, but makes no argument in support of this contention in its brief.

The court having found personal jurisdiction over Filter Tech lacking in Kentucky, we conclude that the action should be transferred to Maryland.[4]

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Filter Tech, Inc., to dismiss or transfer (DN 6) is **GRANTED** and the matter is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MARYLAND AT BALTIMORE FOR ALL FURTHER PROCEEDINGS.**

**IT IS SO ORDERED.**

---

[4]We note as an aside that in the principal case relied upon by Clarcor, *Air Products*, *supra.*, the Kansas buyer sent a credit application and purchase orders to the Michigan seller. In this case the Maryland buyer did not send purchase orders or establish a credit account through any contacts with Kentucky. Therefore, the facts in the *Air Products* case are not analogous. In any event, the Michigan seller obtained a judgment for breach of contract against the Kansas buyer by suing the buyer *in Kansas*.